IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                  No. CR 17-1032 RB

JOSE MANUEL ORTIZ-CAMPOS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court comes on Mr. Ortiz-Campos's Motion for Reduction of Sentence Pursuant to § 3582(c)(2) and Amendments set out in "First Step Act." (Doc. 834.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

**I.  Background**

On June 19, 2018, Ortiz-Campos pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement to seven counts including conspiracy to distribute 500 grams and more of a mixture and substance containing methamphetamine and 1 kilogram and more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); international money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); international money laundering and aiding and abetting in violation of 18 U.S.C. § 1956(a)(2)(A) and 18 U.S.C. § 2; possession with intent to distribute 50 grams and more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2; and three counts of possession with intent to distribute 1 kilogram and more of heroin and aiding and abetting, in violation of 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2. (Docs. 269; 451.) The Court sentenced Ortiz-Campos to 200 months imprisonment on August 20, 2019. (Docs. 695–96.) Ortiz-

Campos now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to his age, his separation from family, and the cost of imprisonment. (Doc. 834.)

**II.     Analysis**

The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release, and that very rarely happened. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

Ortiz-Campos did not allege in his motion that he exhausted his administrative rights before filing his motion with the Court. (*See* Doc. 834.) The Government correctly notes that because Ortiz-Campos "has not met his burden of establishing that he has exhausted his administrative remedies, . . . his motion is premature." (Doc. 853 at 4–5.) The Court treats § 3582(c)((1)(A)'s exhaustion requirement as jurisdictional. *See United States v. Zamarripa*, No. CR 18-2757 RB, 2020 WL 3035226, at *2 (D.N.M. June 5, 2020). Because Ortiz-Campos filed his motion prematurely, the Court will dismiss it for lack of exhaustion.

Even if the Court did not treat the exhaustion requirement as jurisdictional, it would deny the motion on the merits. Ortiz-Campos summarily argues that compassionate release is warranted due to his age (33 years), his separation from family in Mexico, and the cost of his imprisonment.

(Doc. 834 at 2.) These three factors, considered singly or together, do not present an extraordinary and compelling reason for release. Accordingly, the Court cannot grant the relief he requests.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Reduction of Sentence Pursuant to § 3582(c)(2) and Amendments set out in "First Step Act" (Doc. 834) is **DISMISSED** for failure to exhaust.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE